UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JONATHAN VOLLAND, and
L.A.V.,

                            Plaintiffs,

                                                                          1:23-cv-00083
                                                                          (LEK/TWD)
v.

COREY FIFIELD, MICHEAL SHUDT, and
WATERFORD POLICE DEPT.,

                            Defendants.
_____

APPEARANCES:                                                      OF COUNSEL:

JONATHAN VOLLAND
23-B-1043
Elmira Correctional Facility
P.O. Box 500
Elmira, NY 14902
Plaintiff, *Pro se*

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

## ORDER AND REPORT-RECOMMENDATION

### I. INTRODUCTION

       The Clerk has sent to the Court for review a pro se complaint filed by Jonathan Volland ("Plaintiff") alleging the Waterford Police Department and two of its police officers, Corey Fifield ("Fifield") and Micheal Shudt ("Shudt") (together "Defendants") violated his civil rights. (Dkt. No. 2.) Plaintiff's minor son, L.A.V., is also listed as a plaintiff. *Id.* Plaintiff has not paid the filing fee for this action and seeks leave to proceed *in forma pauperis* ("IFP"). (Dkt. No. 8.)

## II.   IFP APPLICATION

"28 U.S.C. § 1915 permits an indigent litigant to commence an action in a federal court without prepayment of the filing fee that would ordinarily be charged." *Cash v. Bernstein*, No. 09-CV-1922, 2010 WL 5185047, at *1 (S.D.N.Y. Oct. 26, 2010).[1]  "Although an indigent, incarcerated individual need not prepay the filing fee at the time of filing, he must subsequently pay the fee, to the extent he is able to do so, through periodic withdrawals from his inmate accounts." *Id*. (citing 28 U.S.C. § 1915(b) and *Harris v. City of New York*, 607 F.3d 18, 21 (2d Cir. 2010)).

Upon review of Plaintiff's IFP application, the Court finds he has demonstrated sufficient economic need. *See* 28 U.S.C. § 1915(a)(2).  Plaintiff has also filed the inmate authorization form required in this District.  (Dkt. No. 3.)  Accordingly, the Court grants Plaintiff's IFP application.

## III.   SUFFICIENCY OF THE COMPLAINT

### A.   Standard of Review

Having found Plaintiff meets the financial criteria for commencing this action IFP, and because he seeks relief from an officer or employee of a governmental entity, the Court must consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915(e).  Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff

---

[1] Section 1915(g) prohibits a prisoner from proceeding in forma pauperis where, absent a showing of "imminent danger of serious physical injury," a prisoner has filed three or more actions that were subsequently dismissed as frivolous, malicious, or failing to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915(g).  The Court has reviewed Plaintiff's litigation history on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") Service.  *See* http://pacer.uspci.uscourts.gov.  It does not appear Plaintiff had accumulated three strikes for purposes of 28 U.S.C. § 1915(g) as of the date this action was commenced.

seeks to proceed in forma pauperis, "the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[2]

Similarly, under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Additionally, when reviewing a complaint, the Court may look to the Federal Rules of Civil Procedure. Rule 8 of the Federal Rules of Civil Procedure provides that a pleading which sets forth a claim for relief shall contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of *res judicata* is applicable." *Hudson v. Artuz*, No. 95 CIV. 4768, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, No. 95-CV-0063 (TJM), 162 F.R.D. 15, 16 (N.D.N.Y. June 23, 1995) (other citations omitted)).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

---

[2] To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

(2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

While the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. Thus, a pleading that contains only allegations which "are so vague as to fail to give the defendants adequate notice of the claims against them" is subject to dismissal. *Sheehy v. Brown*, 335 Fed. App'x 102, 104 (2d Cir. 2009).

**B.    Summary of the Complaint**

The following facts are from Plaintiff's complaint. (Dkt. No. 2.) On June 2, 2022, Plaintiff was "pulled over for a warrant out of Mechanicville and detained" by Fifield and Shudt. *Id*. at 4.[3] Plaintiff and his girlfriend "both did have a warrant pending." *Id*. Plaintiff "was allowed to hug and say goodbye to his 2 year old son." *Id*. As he was "handing [his] son into his mother's arms," Plaintiff was "simultaneously tripped by [his] feet from behind by officer Fifield." *Id*. Plaintiff "landed" on his shoulder and Sgt. Shudt "placed [him] in handcuffs." *Id*. Fifield then "placed" Plaintiff in a headlock. *Id*. Shudt proceed to "wilfully punch" Plaintiff in the face, neck, head, and ribs. *Id*. Shudt and Fifield then "proceeded to kick [Plaintiff] violently

---

[3] It is unclear whether Plaintiff was in a vehicle or walking down the street because his son was in a "stroller." (Dkt. No. 2 at 4.)

4

throughout [his] entire body." *Id*. Shudt went back to punching Plaintiff, causing "substantial bleeding." *Id*. at 4-5. Plaintiff's girlfriend captured the incident on video. *Id*.

Plaintiff was then "rushed by ambulance to Albany Medical Center where [he] was x-rayed and catscanned." *Id*. He sustained the following injuries: bruised ribs, bruised hips, two black eyes, a broken nose, a severe concussion (with a referral to a neurologist), and other "scattered" bruises over his body. *Id*. Plaintiff and L.A.V. also have "emotional trauma" and Plaintiff takes medication for pain and dizzy spells, and suffers from chronic headaches, constant body aches, anxiety, depression, and has nightmares. *Id*. Plaintiff seeks $15 million dollars for "medical and mental health damages in long term treatment." *Id*. at 5.

Construed liberally, the complaint raises Fourth Amendment excessive force claims against Fifield, Shudt, and the Waterford Police Department.

### C. Nature of Action

Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, which establishes a cause of action for "'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990)); *see also Myers v. Wollowitz*, No. 95-CV-0272 (TJM), 1995 WL 236245, at *2 (N.D.N.Y. Apr. 10, 1995) (finding that "[Section] 1983 is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights"). "Section 1983 itself creates no substantive rights, [but] . . . only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993). Thus, to state a cognizable claim under Section 1983, a complaint must allege "(1) 'that some person has deprived [the plaintiff] of a federal right,' and (2) 'that the person who has deprived [the plaintiff] of that right acted under color of state law.'"

*Velez v. Levy*, 401 F.3d 75, 84 (2d Cir. 2005) (quoting *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)) (alteration omitted).

IV.     **ANALYSIS**

     A.     **Minor Child Plaintiff**

An individual "who has not been admitted to the practice of law may not represent anybody other than himself." *Guest v. Hansen*, 603 F.3d 15, 20 (2d Cir. 2010) (citing *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007)). Similarly, "a non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child." *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990). As noted, Plaintiff's minor son, L.A.V. has been listed as a plaintiff in the caption of the complaint. (Dkt. No. 2 at 1.) While Plaintiff may bring this lawsuit *pro se*, he may not act as counsel for the minor child without being a licensed attorney. *See Cheung*, 906 F.2d at 61.

Therefore, the Court will not construe the complaint to include any claims or causes of action brought on behalf of L.A.V. The Court recommends that the Clerk be directed to amend the caption and docket to remove all references to L.A.V..[4]

     B.     **Fifield and Shudt**

Plaintiff's Fourth Amendment excessive force claims against Fifield and Shudt survive initial review. The Fourth Amendment to the Constitution (as applicable to the actions of local police departments and police officers through the Fourteenth Amendment) protects the right of the people to be free from unreasonable searches or seizures. *See* U.S. Const. amend. IV. In

---

[4] The Court also recommends that L.A.V.'s name be redacted from Dkt. No. 1 at ¶ 7. It is further recommended that once all references to L.A.V. have been redacted and/or removed, this action no longer needs to be restricted to "case participant-only" on the CM/ECF website, and that the Clerk be directed to revise the same. (*See* Dkt. No. 4 at 2.)

particular, the Fourth Amendment prohibits the police from using unreasonable or excessive force when they engage in the arrest of a person. *See Graham v. Connor*, 490 U.S. 386 (1989); *Cugini v. City of New York*, 941 F.3d 604, 612 (2d Cir. 2019).

But "[b]ecause 'the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it,' determining whether the amount of force an officer used is reasonable 'requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake.'" *Cugini*, 941 F.3d at 612 (quoting *Graham*, 490 U.S. at 396). Thus, the determination whether the police have used excessive force in the course of arresting a suspect "'requires careful attention to the facts and circumstances of each particular case, including' (1) 'the severity of the crime at issue,' (2) 'whether the suspect poses an immediate threat to the safety of the officers or others,' and (3) 'whether [the suspect] is actively resisting arrest or attempting to evade arrest by flight.'" *Id*. (quoting *Graham*, 490 U.S. at 397). It is well-established "that the use of entirely gratuitous force is unreasonable and therefore excessive." *Tracy v. Freshwater*, 623 F.3d 90, 99 n.5 (2d Cir. 2010).

Mindful of the Second Circuit's direction that a *pro se* plaintiff's pleadings must be liberally construed, *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008), the Court finds Plaintiff's Fourth Amendment excessive force claims against Fifield and Shudt require a response. The Court expresses no opinion as to whether these claims could survive a properly filed motion to dismiss or motion for summary judgment.

### C. Waterford Police Department

The caption of the complaint lists the Waterford Police Department as a Defendant. (Dkt. No. 2 at 1.) "[U]nder New York law, departments that are merely administrative arms of a

municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued." *Davis v. Lynbrook Police Dep't*, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002) (dismissing § 1983 claim brought against the Lynbrook Police Department); *see also La Grande v. Town of Bethlehem Police Dep't*, No. 1:08-CV-0738 (LEK/DRH), 2009 WL 2868231, at *2 (N.D.N.Y. Sept. 1, 2009) ("Since the Bethlehem Police Department cannot be sued pursuant to 42 U.S.C. § 1983, [the plaintiff's] [c]omplaint is dismissed as against the Town of Bethlehem Police Department."); *Jenkins v. Liadka*, No. 5:10-CV-1223 (GTS/DEP), 2012 WL 4052286, at *5 (N.D.N.Y. Sept. 13, 2012) ("Because the Syracuse Police Department is merely an administrative arm of the City of Syracuse, it is not a proper defendant."); *Braithwaite v. Collins*, No. 22-CV-00161, 2023 WL 2350030, at *11 (E.D.N.Y. Mar. 3, 2023) (*sua sponte* dismissing claims asserted against the police department as implausible).

While Plaintiff could sue the municipality–the Town of Waterford–rather than one of its "departments," a municipality may only be named as a defendant in certain circumstances. Pursuant to the standard for establishing municipality liability laid out in *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658 (1978), in order to set forth a cognizable claim for municipal liability under Section 1983, a plaintiff must plead and prove that a deprivation of his constitutional rights "was caused by a governmental custom, policy, or usage of the municipality." *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012) (citing *Monell*, 436 U.S. 658); *see also Vippolis v. Vill. of Haverstraw*, 768 F.2d 40, 44 (2d Cir. 1985) ("The plaintiff must first prove the existence of a municipal policy or custom in order to show that the municipality took some action that caused his injuries beyond merely employing the misbehaving officer."). A municipality may be liable for deprivation of constitutional rights under Section 1983 for policies or customs resulting in inadequate training, supervision, or hiring

when the failure to train, supervise, or hire amounts to deliberate indifference to the rights of those with whom municipal employees will come into contact. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 388-89 (1989). A plaintiff must also establish a causal connection–an affirmative link–between the policy and the deprivation of his constitutional rights. *Oklahoma v. Tuttle*, 471 U.S. 808, 823 (1985) (plurality opinion).

Here, Plaintiff has failed to identify or allege any facts plausibly showing the existence of a municipal policy or custom of the Town of Waterford authorizing, permitting, allowing, or tolerating "abuses in violation of the Constitution" or any affirmative link between such a policy and Defendants' alleged actions with regard to Plaintiff. Importantly, a municipality may not be held liable solely because it employs a tortfeasor. *Los Angeles Cty., Cal. v. Humphries*, 562 U.S. 29, 36 (2010). Only when the municipality, through the execution of its policies, actually deprives an individual of his constitutional rights, is it liable for the injury. *Monell*, 436 U.S. 658, 694 (1978). Thus, notwithstanding a very liberal interpretation of the complaint, the Court finds Plaintiff has not plausibly alleged a *Monell* claim against the Town of Waterford–as the real party in interest.

Based upon the foregoing, the Court recommends dismissal of Plaintiff's complaint against the Waterford Police Department with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 28 U.S.C. § 1915A(b). However, in deference to Plaintiff's *pro se* status, the Court recommends that Plaintiff be provided with an opportunity to amend his complaint to clarify claims, if any, he intended to allege against the appropriate municipality.

V.   **CONCLUSION**

For the reasons stated above, the Court finds only Plaintiff's Fourth Amendment excessive force claims against Defendants Fifield and Shudt survive initial review and require a response.

**ACCORDINGLY**, it is hereby

**ORDERED** that Plaintiff's IFP application (Dkt. No. 8) is **GRANTED**;[5] and it is further

**RECOMMENDED** that Plaintiff's Fourth Amendment excessive force claims against Defendants Fifield and Shudt **SURVIVE** initial review and require a response; and it is further

**RECOMMENDED** that Plaintiff's complaint be **DISMISSED WITH PREJUDICE** against the Waterford Police Department pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) and that the Clerk be directed to **TERMINATE** the Waterford Police Department; and it is further

**RECOMMENDED** that Plaintiff be granted leave to amend consistent with the foregoing;[6] and it is further

**RECOMMENDED** that the Clerk be directed to provide the superintendent of the facility designated by Plaintiff as his current location with a copy of Plaintiff's Inmate Authorization (Dkt. No. 3), and notify the official that this action has been filed and that Plaintiff is required to pay to the Northern District of New York the statutory filing fee of $350, over time, pursuant to 28 U.S.C. § 1915; and it is further

---

[5] Plaintiff should note that, although the Court has granted his application to proceed IFP, he will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

[6] Any amended complaint must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure and must be a complete pleading which will supersede and replace the original complaint in its entirety.

**RECOMMENDED** that the Clerk be directed to provide a copy of Plaintiff's Inmate Authorization (Dkt. No. 3) to the Financial Deputy of the Clerk's Office; and it is further

**RECOMMENDED** that the Clerk be directed to: (1) amend the caption and docket to remove all references to L.A.V.; (2) redact L.A.V.'s full name from Dkt. No. 1 at ¶ 7; and thereafter (3) remove the CM/ECF "case participant-only" restriction; and it is further

**RECOMMENDED** that the Clerk be directed to issue summonses and provide the necessary documents to the United States Marshals to effect service on Defendants Fifield and Shudt; and it is further

**RECOMMENDED** that a response to the complaint be filed by the Defendants, or their counsel, as provided for in the Federal Rules of Civil Procedure; and it is further

**ORDERED** that all pleadings, motions and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367.  **Any paper sent by a party to the Court or the Clerk must be accompanied by a certificate showing that a true and correct copy of same was served on all opposing parties or their counsel.  Any document received by the Clerk or the Court which does not include a proper certificate of service will be stricken from the docket.** Plaintiff must comply with all requests by the Clerk's Office for any documents that are necessary to maintain this action.  All parties must comply with the Local Rules.  All motions will be decided on submitted papers without oral argument unless otherwise ordered by the Court.  **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; his failure to do so may result in the dismissal of this action**; and it is further

11

**ORDERED** that the Clerk serve a copy of this Order and Report-Recommendation on Plaintiff, along with a copy of the unpublished decisions cited herein in accordance with the Second Circuit's decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[7]  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a).

**IT IS SO ORDERED.**

Dated: March 28, 2023
Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge

---

[7] If you are proceeding *pro se* and are served with this Order and Report-Recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order and Report-Recommendation was mailed to you to serve and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. P. 6(a)(1)(C).