UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JONATHAN VOLLAND and L.A.V.,

                Plaintiffs,

  -against-                                    1:23-CV-00083 (LEK/TWD)

COREY FIFIELD, *et al.*,

                Defendants.

**MEMORANDUM-DECISION AND ORDER**

**I.    INTRODUCTION**

Plaintiff Jonathan Volland brings this pro se action against the Waterford Police Department and two of its officers, Corey Fifield and Michael Shudt (collectively, "Defendants"), pursuant to 42 U.S.C. § 1983 for violations of his Fourth Amendment rights arising out of a traffic stop. Dkt. No. 2 ("Complaint"). Plaintiff's minor son, L.A.V., is also listed as a plaintiff in the Complaint. See id. Plaintiff has not paid the filing fee for this action and seeks leave to proceed in forma pauperis ("IFP"). Dkt. No. 8.

On March 28, 2023, the Honorable Thérèse Wiley Dancks, United States Magistrate Judge, issued a Report-Recommendation recommending, *inter alia*, that: (1) Plaintiff's IFP application be granted; (2) Plaintiff's Fourth Amendment excessive force claim against Fifield and Shudt survive initial review and require a response; (3) Plaintiff's claims against the Waterford Police Department should be dismissed with prejudice; (4) Plaintiff be granted leave to amend his Complaint; and (5) that the Clerk be directed to amend the caption and docket to remove all references to L.A.V. and redact L.A.V.'s full name from this action. Dkt. No. 12 ("Report-Recommendation") at 10–11.

No party has filed objections to the Report-Recommendation. See Docket. For the reasons that follow, the Court adopts the Report-Recommendation in its entirety.

## II.   BACKGROUND

### A.   Factual History

Plaintiff's factual allegations are detailed in the Report-Recommendation, familiarity with which is assumed. See R. & R. at 4–5.

### B.   Report-Recommendation

In the Report-Recommendation, Judge Dancks recommended that Plaintiff's IFP application be granted, and that responses from Fifield and Shudt are required with respect to Plaintiff's Fourth Amendment claim. Id. at 7. Judge Dancks also recommended that Plaintiff's claim against the Waterford Police Department be dismissed with prejudice. Id. at 9. Judge Dancks reached this conclusion by finding that Plaintiff failed to "allege any facts plausibly showing the existence of a municipal policy or custom of the Town of Waterford authorizing, permitting, allowing, or tolerating 'abuses in violation of the Constitution' or any affirmative link between such a policy and Defendants' alleged actions with regard to Plaintiff." Id. However, Judge Dancks recommended that Plaintiff "be provided with an opportunity to amend his [C]omplaint to clarify claims, if any, he intended to allege against the appropriate municipality." Id. at 10. Judge Dancks also concluded that the Clerk should amend the caption and docket to remove any reference to Plaintiff's minor child because Plaintiff impermissibly fashioned himself as counsel for his child without being a licensed attorney. Id. at 6.

## III.   STANDARD OF REVIEW

"Within fourteen days after being served with a copy [of the Magistrate Judge's report and recommendation], any party may serve and file written objections to such proposed findings

and recommendations as provided by rules of the court." 28 U.S.C. § 636(b)(1)(C); see also L.R. 72.1. If objections are timely filed, a court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). De novo review "does not require the Court to conduct a new hearing; rather, it mandates that the Court give fresh consideration to those issues to which specific objections have been made." A.V. by Versace, Inc. v. Gianni Versace, S.p.A., 191 F. Supp. 2d 404, 406 (S.D.N.Y. 2002).

However, if no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need only review that aspect of a report-recommendation for clear error. See DiPilato v. 7-Eleven, Inc., 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009) ("The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record."); New York City Dist. Couns. of Carpenters Pension Fund v. Forde, 341 F. Supp. 3d 334, 336 (S.D.N.Y. 2018) ("When a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the [report and recommendation] strictly for clear error." (quoting Molefe v. KLM Royal Dutch Airlines, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009))). Clear error "is present when upon review of the entire record, the court is left with the definite and firm conviction that a mistake has been committed." Rivera v. Fed. Bureau of Prisons, 368 F. Supp. 3d 741, 744 (S.D.N.Y. 2019). Additionally, a district court will ordinarily refuse to consider an argument that could have been, but was not, presented to the magistrate judge in the first instance. See Hubbard v. Kelley, 752 F. Supp. 2d 311, 312–13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's

report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted)). Upon review, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### IV.  DISCUSSION

No party objected to the Report-Recommendation "[w]ithin fourteen days after being served with a copy" of it. 28 U.S.C. § 636(b)(1)(C). See Docket. Accordingly, the Court reviews the Report-Recommendation for clear error. Having found none, the Court approves and adopts the Report-Recommendation in its entirety.

### V.  CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 12) is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that Plaintiff's IFP application (Dkt. No. 8) is **GRANTED**[1]; and it is further

**ORDERED**, that Plaintiff's Fourth Amendment excessive force claims against Defendants Fifield and Shudt survive initial review and require a response; and it is further

**ORDERED**, that Plaintiff's claims against the Waterford Police Department be **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) and that the Clerk is directed to **TERMINATE** the Waterford Police Department; and it is further

---

[1] Plaintiff should note that, although the Court has granted his application to proceed IFP, he will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

**ORDERED**, that Plaintiff be granted leave to amend in order to clarify his claims against the appropriate municipality;[2] and it is further

**ORDERED**, that the Clerk be directed to provide the superintendent of the facility designated by Plaintiff as his current location with a copy of Plaintiff's Inmate Authorization (Dkt. No. 3), and notify the official that this action has been filed and that Plaintiff is required to pay to the Northern District of New York the statutory filing fee of $350, over time, pursuant to 28 U.S.C. § 1915; and it is further

**ORDERED**, that the Clerk is directed to provide a copy of Plaintiff's Inmate Authorization (Dkt. No. 3) to the Financial Deputy of the Clerk's Office; and it is further

**ORDERED**, that the Clerk is directed to: (1) amend the caption and docket to remove all references to L.A.V.; (2) redact L.A.V.'s full name from Dkt. No. 1 ¶ 7; and thereafter (3) remove the CM/ECF "case participant-only" restriction; and it is further

**ORDERED**, that that the Clerk is directed to issue summonses and provide the necessary documents to the United States Marshals to effect service on Defendants Fifield and Shudt; and it is further

**ORDERED**, that a response to the Complaint be filed by Defendants, or their counsel, as provided for in the Federal Rules of Civil Procedure; and it is further

**ORDERED**, that all pleadings, motions and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367. **Any paper sent by a party to the Court or the Clerk must**

---

[2] Any amended complaint must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure and must be a complete pleading which will supersede and replace the original complaint in its entirety.

**be accompanied by a certificate showing that a true and correct copy of same was served on all opposing parties or their counsel. Any document received by the Clerk or the Court which does not include a proper certificate of service will be stricken from the docket**. Plaintiff must comply with all requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with the Local Rules. All motions will be decided on submitted papers without oral argument unless otherwise ordered by the Court. **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; his failure to do so may result in the dismissal of this action**; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:     June 27, 2023
           Albany, New York

LAWRENCE E. KAHN
United States District Judge